### The People ex rel. Anton Roehler v. The Mechanics' Aid Society.

*Mandamus: Corporations: Rights of, and proceedings against, members.* A vol-
untary society, incorporated, may be compelled by *mandamus* to restore to one
of its members a substantial right of which he had been deprived by the action
of the society, in violation of its constitution.

When the constitution of a voluntary society, which is also a corporation,
makes "slander against the society" by a member an offense for which he
may be fined or expelled, it will be held that an offense something analogous
to the common-law offense of slander, as applicable to individuals, is intended;
and, in a proceeding to enforce such a provision, unless the words charged to
be slanderous are set forth, it cannot be known whether there is any jurisdic-
tion to make the inquiry; and, as corporations are bound to keep records, the

proceedings necessary to authorize action against an accused member must appear of record. A written charge, therefore, upon the records of the society, showing an offense within the meaning of the constitutional provision, is necessary to sustain the jurisdiction to proceed upon it.

*Heard and decided October 26.*

Application for *mandamus :*

By Anton Roehler, to compel the Mechanics' Aid Society to restore to him his rights as a member of the society.

The petition of the relator sets forth the incorporation of the society under the act to provide for the incorporation of mechanics' associations, approved February 17, 1857 (*Comp. Laws, ch. 62*); that he became a member of it and a shareholder of its stock in the manner provided by its laws, and that he had derived from such membership great advantages and profits. The relator further states that on the second day of November, 1869, at a regular meeting of the society, which was not called for the purpose of acting upon charges preferred against him, he was, without cause, and without written charges, in his absence and without notice, disfranchised and expelled. He further states that the constitution of the society provides that "if any member should be found guilty of slander or fraud against the society, the society shall have power to either fine or expel him from said society, and that to hear and determine the offense and fix the punishment, a committee of five shall in every case be appointed, which shall in every case report to the society their conclusion." He denies that he was guilty of any misconduct, or of any "fraud or slander against the society;" he avers that he was not found guilty of any such offense, and that the action of the society was. "malicious, irregular, and *ex parte.*"

The society shows cause against the *mandamus*, and sets forth the action of which the relator complains, as follows:

"The respondent further shows unto the court that on

the 28th day of October, 1869, at a meeting of said society, Peter Katus, one of the members, made a verbal complaint to and before the society, charging the said Anton Roehler with slander against the society; that on motion, the following committee of five were appointed to hear and determine the offense, and to fix the punishment, viz: Wm. Hartman, George Boehn, Frederick Liehner, Robert Breitenbuecher and Nicholas Fischbach.

"The respondent further shows unto the court that it has been informed and believes that George Boehn, one of said committee, did, upon the 29th of October, 1869, notify and verbally request said Anton Roehler to appear before said committee on the evening of the Monday then next following, for the purpose of presenting his defense to said charge; that at the appointed time Anton Roehler appeared before said committee, and that the committee then and there investigated the matter and heard said Anton Roehler in his defense; that Frederick Neidermiller, a member of the society, made certain statements before the committee tending to maintain said charge, and that said Anton Roehler partly denied and partly admitted the truth of what was stated by Neidermiller, but produced no person to prove the falsity of Neidermiller's statement.

"The respondent further shows that upon the second day of November, 1869, the said committee, at a regular meeting of the society, made a verbal report that they found said Anton Roehler guilty, and that the punishment should be the exclusion of said Anton Roehler from the benefits of the society for one year.

"The respondent further shows that the society refused to adopt said report, but on motion duly made and supported, the society voted to increase the punishment to permanent expulsion, and that the result was in the usual form announced to the members present."

ROEHLER *v.* THE MECHANICS' AID SOCIETY.

And, subsequently, upon a motion of the relator for a further return, the following were certified as true copies of all writings, book entries, or records whatever, having reference to the expulsion of the relator.

"1. The minutes of the secretary, for a meeting of the society, held October 28, 1869, contain the following: 'Mr Peter Katus made complaint against the member, Anton Roehler, for slanderous words against the society. Motion made and seconded that proceedings should be commenced against Anton Roehler, and a committee of five was appointed to investigate the matter, consisting of Mr. Hartman, George Boehn, Mr. Lichner, Mr. Bretenbuecher, and Mr. Fischbach.'"

·" The minutes of the secretary, for a meeting held November 28, 1869, contain the following: 'The report of the committee in the matter of Anton Roehler reads as follows: That the committee found Anton Roehler guilty, and fixed the fine, that Anton Roehler should be excluded from all the benefits for the term of one year. The society rejected the report on the ground that the punishment was not sufficient, and a motion was made and seconded that the name of Anton Roehler should be struck out from the list of the society.'"

The relator demurred to the answer, and the cause was heard upon the demurrer.

*Alfred Russell,* for the relator.

The by-law under which the expulsion took place is invalid, because it is not necessary for the good government and support of the affairs of the corporation.—*Commonwealth v. St. Patrick's Society,* 2 Binn., 441; *Evans v. the Club,* 50 Penn. St., 119; *Angell and Ames, Corp.,* § 412; *Commonwealth v. Ger. Soc.,* 15 Penn. St., 251. In the

22 MICH.—12.

first case cited, a by-law against insult or disrespectful behavior to a member was held unsustainable. In the last, a charge of defaming and injuring the society in public taverns was said to be insufficient.

Where the proceedings are regular the courts will not go behind them upon the ground that the tribunal and procedure are of the member's own choosing. *Angell and Ames,* § *418; Commonwealth v. Pike Beneficial Soc., 8 W. & S., 247; Society v. Van Dyke, 2 Whart., 309; Church v. Seibert, 3 Barr, 282; Tribe v. Marbach, 13 Md., 91.* But notice must, of course, appear.—*Angell,* § *620; Fuller v. Academy, 6 Conn., 532.* And it is not regular to expel a member on a report of a committee of investigation without notice to appear and defend before the society itself.—*15 Penn. St., supra; Delacey v. Nov. Co., 1 Hawks, N. C., 274; Com'th v. Benef. Inst.. 2 S. & R., 141; Soc. v. Bacher, 20 Penn. St., 425; Road v. Hixon, 5 Ind., 166; State v. University, Id., 77.* The charges and the notice thereof must be specific, and the proof must correspond.— *Rex v. Liverpool, 2 Burr., 734; Exeter v. Slide, 4 Mod., 37; Rex v. Lyme, Doug., 174;* See also, *Ex parte Long, 29 E. L. & Eq., 194; 2 Hill. Torts, 327; Rex v. Feversham, 8 T. R., 356; Harman v. Tappenden, 1 East, 562.*

The return to the order to show cause must show that the charge was proved.—*8 T. R., supra.* The expulsion must take place as the action of the society itself, and at a special meeting held for that purpose.—*Angell,* § *432; 8 T. R., supra.*

Few things are more important than the preservation of the rights of members of voluntary associations, which with us manage so many of the interests of civil, religious, and social life. We cite in addition to the above cases, the following: *Bagg's Case, 11 Coke, 93; People v. Society, 32 N. Y., 187; Com'th v. Guardians, 6 S. & R., 469; Bar-*

*rons v. Med. Soc., 12 Cushing, 402; State v. Chamber of Com., 20 Wis., 63; Dr. Gaskins's Case, 8 T. R., 209; Waring v. Med. Soc., 17 Law Reg., N. S., 533, and note; Rex v. Richardson, 1 Burr., 517; People v. Med. Soc., 24 Barb., 570; Rex v. Barker, 3 Burr., 1265; Hopkins v. Marquis of Exeter, Law Rep., 5 Eq., 63.* An examination of these cases will show that the power of expulsion is carefully guarded and exceedingly restricted by the courts; and, as we think, justly so. There can be absolutely no doubt that the proceedings in the case at bar were grossly illegal, and such, indeed, as will subject ' the society to damages, an action for which is now pending.

*F. A. Baker,* for the respondent.

CAMPBELL, CH. J.

The relator has been deprived of substantial rights; and while we should not regard matters of form too closely in the proceedings of corporations like this, yet he is entitled to claim that nothing important shall be disregarded to his prejudice. The objections existing in this case are in their nature jurisdictional, and cannot be considered unimportant.

We do not feel disposed to consider the question of the validity of the by-law, as we have only a translation of it, and there may be some difficulty in understanding its precise extent. But the word which is translated " slander " must be regarded as meaning at least some substantial offense against the society, and not including matters which would be privileged, or matters of no importance. Assuming the validity of the by-law, we must assume that it covers something analogous to the offense, which at common law is included in that term, when applied to individuals, although it would not bear that precise construction when applied to corporations. We have no means of know-

ing just what it is intended to cover, but it must be something in substance of that nature.

Unless the words claimed to be slanderous are set forth in the charge, it is impossible to tell whether there is any offense charged under the by-law, and therefore it cannot be known whether there is any jurisdiction to make the inquiry. If a charge is made of an offense not covered, the party cannot be dealt with. And we think the records, which every corporation is supposed and bound to keep, must show upon their face the exact cause of the expulsion and all of the proceedings necessary to authorize action. These should not be left to be shown by parol evidence. There should be means of determining the facts by the record itself in case they are brought in question.

As the translation of the by-law is presented to us, we think the society could not give any heavier sentence than the committee, and at any rate if they could, there must have been an opportunity to be heard against it. But as there was no adequate charge made, and as the accuracy of the translation is questioned, we need not pass on that matter.

The *mandamus* must be granted.

GRAVES and COOLEY, JJ. concurred.

CHRISTIANCY, J. did not sit on this case.