## Annie Tourville v. The Brotherhood of Locomotive Firemen.

1. BENEFICIARY ASSOCIATIONS—*Suspension of Members.*—The suspension of a member in a beneficiary association must be made on the books of the association as a matter of record, when required by its by-laws, if it is intended to forfeit a member's rights as a member. Where there is no proof of an assessment, of notice to pay the same, or of a legal suspension, there can not be, under the by-laws, any legal expulsion for non-payment of dues and assessments.

2. Same—*Expulsion of Members—Burden of Proof.*—Where a beneficiary association sets up as a defense to a suit by the widow of a deceased member, that he was not in good standing in his lodge, had been suspended and expelled, the burden is upon it to show such defense by the records, and that such action in suspending and expelling was in accordance with the laws of the order.

3. Same—*Must Be an Assessment Before a Default.*—Before a default can be alleged in the payment of an assessment by a beneficiary association, there must be proof of a legal assessment made by the association.

4. Same—*Notice of Assessment.*—If the laws of such an association require notice to be given members of the assessment, a beneficiary can not be defeated in a suit to recover on a certificate of insurance, for failure to pay an assessment, without proof such notice was given.

5. Same—*Tender of the Assessment, When Not Necessary.*—In the absence of proof by a beneficiary association, that an assessment has been made according to the by-laws, proof of a tender of the amount of the assessment is unnecessary.

**Memorandum.**—Suit on a beneficiary certificate. Appeal from the City Court of East St. Louis; the Hon. B. H. Canby, Judge, presiding. Heard in this court at the February term, 1894, and affirmed. Opinion filed June 23, 1894.

The opinion states the case.

Cockrell & Moyers, attorneys for appellant.

William P. Launtz and M. Millard, attorneys for appellee.

Mr. Presiding Justice Sample delivered the opinion of the Court.

The appellee's husband was insured in the appellant's association. He died, and this suit was brought on the policy, to recover the insurance money. On trial below a judgment was obtained for the full amount of the policy. The defense interposed was that the assured was in default at the time of his death, having been, as claimed, suspended and expelled from the subordinate lodge, through membership in which he had obtained insurance in the grand lodge, the appellant. The material portions of the policy contains the following provisions:

"This Policy of Insurance Witnesseth, that the Brotherhood of Locomotive Firemen of North America, in consid-

eration of the grand dues to them duly paid, in accordance with the provisions of the constitution of said Brotherhood, by Joe Tourville, and of the annual payment of such grand dues every year during the continuance of this policy, do assure the life of Joe Tourville. In every case when this policy shall cease and determine, or be null and void, by reason of immoral or other misconduct, and the assured shall forfeit his membership to this lodge, according to the provisions of the constitution of said Brotherhood, then this policy is canceled."

The jury specifically found certain facts, viz.: First, that the deceased, Joe Tourville, was not suspended by the lodge or by operation of the constitution and by-laws prior to his death; second, that he was not expelled from the order at any time before his death; third, that he was a member of the order in good standing at the time of his death. These findings present the real issue in this case.

Section 54 of the constitution and by-laws of the order provides how a member may be suspended and the effect of it. It is as follows:

" Sec. 54. Any member failing or declining to pay an assessment within the time specified in the notice shall stand suspended, and his beneficiary certificate shall be canceled until he has been regularly reinstated, as hereinafter provided. On the 26th day of each month, or as soon thereafter as practicable, the collector shall report in writing to the secretary the names of all members who failed to make payment of their assessment, and the secretary shall mark the beneficiary certificate of such members suspended on the beneficiary certificate register, affixing the date thereto. The secretary shall read the said list of names at the first regular meeting in the following month, record the same on the minutes of the lodge and forward a report thereof to the grand secretary and treasurer."

Section 55, which is as follows, provides how he may be expelled, and the effect of it:

" Sec. 55. Any member failing or declining to pay an assessment within sixty days after the last day of payment,

shall be reported in writing to the secretary by the collector, on the 26th day of each month, or as soon as practicable thereafter, and the secretary shall mark such members expelled from the order on the beneficiary certificate register, affixing the date thereto, which shall, in all cases, be the 26th day of the month. Such expulsion shall be the penalty of non-payment, and no action on the part of the lodge shall be necessary thereto.

" At the first regular meeting in each month the secretary shall read a list of the members thus expelled, record the same on the minutes and make a report thereof to the grand secretary and treasurer."

The minutes of the lodge, of which deceased was a member, were identified, and read to show the suspension and expulsion of Tourville. As to the suspension, the following occurred: " Counsel for defendant offers to read the minutes of the lodge in evidence. Objected to by counsel for plaintiff, on the ground that he was a member of this order and he can not be suspended by making an entry of that kind in any book.

By Mr. Cockrell: We can't prove it all at once.

The Court: If it is followed up by proof it is all right; I will admit it subject to proof.

By Mr. Cockrell: This occurs in the March 22, 1888, meeting: " Brothers Bisson, O'Leary, Cooper and Tourville suspended." The secretary, who wrote the minutes, makes the dates, May 22, 1888.

The record of expulsion is as follows:

" EAST ST. LOUIS, December 18, 1888.

Meeting called to order; worthy master, F. J. Hayes, in chair. Expelled members for non-payment of dues and assessments, Bisson, Tourville and Gibson."

It appears that appellant adopted a new constitution, that went into effect February 1, 1887. Section 31 provided as follows:

" There shall also be established a Grand Lodge Department, in which shall be published all notices of assessments, reports and other documents emanating from the Grand

Lodge, and the publication of such notices in said department shall be legal and sufficient service of such notices upon members of the order."

As the grand secretary's evidence is understood, that publication began November 15, 1888. If that is not the correct date, no other is given by which it can be determined when the publication did begin. It is said such paper was sent to each individual member. Section 2 of the constitution provides as follows :

" The Grand Lodge has exclusive jurisdiction over all subjects pertaining to the order, and its enactments and decisions upon all questions are the supreme law of the Order and may make such assessments for revenue as may be necessary to defray the expenses of the Grand Lodge, and do all things necessary to promote the welfare of the Order."

There is no proof in this record that the Grand Lodge made any assessments, and no authority shown on the part of the subordinate lodge to make assessments, and there is no indication that it made any. The statements of F. W. Arnold, Lodge No. 44, to the " Grand Lodge, B. of L. F.," of the results in making collections, as to who paid and who failed to pay, do not afford proof of the fact of the corporate action. Bagley v. The G. L. of A. O. of N. W., 46 Ill. App. 411. There is no record proof that the annual Grand Lodge dues were fixed by law, or that any assessment was made. There is no proof that the deceased received any notice to pay any assessment, as provided by Sec. 54 of the laws of this order, which, by the term of that section, was prerequisite to the right to suspend him. As heretofore stated the publication of the order's paper was not entered upon until in November, 1888, or, if before that time, there is no proof of it. How notices were served on members requiring them to pay assessments before that time, the record does not declare.

If the deceased had been suspended in March or May, 1888, it is not probable he would be assessed or receive notice of such assessment thereafter. Section 109 of the by-laws provides this: " A member under suspension for non-

payment shall forfeit all rights and privileges of member-
ship, including the traveling card, pass words and seat in
the lodge room, until his arrearage has been adjusted and
he has been regularly reinstated."

The record of the suspension is so meager that it affords
no proper proof of the fact. The record itself does not
show there was a meeting of the lodge, a notice to Tourville
or a trial, or that he was reported delinquent. What pur-
ports to be a record contains the bare statement, "Brothers
* * * Tourville suspended." The suspension must be
tried by the record, and it should show jurisdictional facts,
as provided by the constitution and by-laws of the order.
There being no proof of an assessment, of notice to pay the
same, or of a legal suspension, there could not be, under
Sec. 55, any legal expulsion for non-payment of dues and
assessments. It will be observed, by the provision of that
section, two things are prerequisite to the authority of the
secretary of the lodge, to mark a member expelled from the
order: first, that he shall be in default in payment of his
assessments for sixty days after the last day of payment;
second, that the collector shall report such fact in writing,
to the secretary, on the 26th day of each month, or as soon
thereafter as practicable. There is no proper proof of
either fact. It will also be observed that there is no record
or other proof of the cancellation of the policy or certifi-
cate, as provided by sections 54 and 55.

It is said, however, the appellee proved the fact of such
default in payment. The proof was that the lodge was
making a claim of some $54. This of itself was not proof
that the lodge had a legal right to suspend or expel Tour-
ville. If not legally suspended at the time of said claim
then Tourville had the legal right to pay such claim, in ac-
cordance with the demand made upon him. The offer to
pay was made in compliance with such demand; before the
expulsion, the money was tendered to the collector, Cramer,
which he refused, under the order of the master of the lodge.
The tender preserved the insured's rights, and if the demand
was legal, met it. The collector had no legal right to

refuse it. He was requested to collect this money, as his evidence is understood, by the grand secretary of appellant, who had charge of such matters.

There is no proper evidence, however, that it was a lawful demand. It is said that under Sec. 83, " any member who shall be taken sick or disabled while in arrears to the lodge, can not pay said arrears during such sickness or disability, nor shall the order be liable for any benefits that said member would otherwise be entitled to receive." It is true Tourville was sick for some time, but there is no proof he was in arrears when taken sick. This section refers to a legal arrearage and not merely a claimed arrearage. If there was no legal assessment or legal claim, there could be no legal arrearage. It is also said that Tourville should have taken an appeal from the order of suspension or expulsion. If, as this record shows, there was no legal suspension or expulsion, he was not required to appeal. The instructions complained of we do not regard as erroneous.

In this case the appellant, in effect, interposed the defense that the deceased was not in good standing in his lodge; that he had been suspended and expelled. The burden was on it to show that fact and that such action was in accordance with the law of the order. Order of Foresters v. Zak, 136 Ill. 185.

Before default can be alleged in the payment of an assessment, there must be proof of a legal assessment by the corporation. Bagley v. A. O. M. W., 46 Ill. App. 411; Bacon on Life Ins., Sec. 377. If the laws of such an association require notice to be given members of the assessment, a beneficiary can not be defeated in a suit to recover on a certificate of insurance for failure to pay an assessment, without proof such notice was given. Knights of Honor v. Dalberg, 138 Ill. 508. And in the absence of such proof, tender of the assessment was not necessary to prevent a forfeiture. Insurance Association v. Spies et al., 114 Ill. 463. The judgment is affirmed.