## Modern Woodmen of America v. Anna Deters.

1. BENEFICIARY ASSOCIATIONS—*Power of Courts to Examine Their Proceedings.*—Where property rights are involved, courts have the power to examine the proceedings of beneficiary associations for the purpose of determining whether the action taken is in substantial compliance with the laws of the order.

2. SAME—*Acts of—When Not Conclusive on Courts of Law.*—Where the rules of a beneficiary association provide for the hearing of evidence upon charges against a member, any action taken by such association involving the expulsion of the member without evidence, is not conclusive upon courts of law.

3. SAME—*Construction of By-Laws.*—Where the by-laws of a beneficiary association provide that a member against whom charges are preferred, shall have a fair trial upon evidence, the term evidence must be understood to mean legal evidence by the rules of the common law.

**Assumpsit**, on a beneficiary certificate. Appeal from the Circuit Court of St. Clair County; the Hon. ALONZO S. WILDERMAN, Judge, presiding. Heard in this court at the February term, 1896. Affirmed. Opinion filed June 18, 1896.

J. G. JOHNSON, attorney for appellant.

Under appellant's by-laws the local camp which tried Deters, was the exclusive judge of the character of the evi-

dence upon which it acted. Chase v. Cheney, 58 Ill. 509; Society v. Van Dyke, 2 Wh. 308; Sperry's Appeal, 116 Pa. St. 391; 9 Atl. Rep. 478; Blumenthal v. Ch. of Commerce, 7 Cin. Law Bull. 327; Burton v. St. George's Soc., 28 Mich. 264; Walker v. Wainwright, 16 Barb. 486; People ex rel. Stevenson v. Higgins, 15 Ill. 110; State ex rel. Cupples v. Milwaukee Ch. Com., 47 Wis. 682; Niblack on Mut. Ben. Soc. (1st Ed.), Sec. 90.

Any question of the character of such evidence should have been raised by Deters at the time of the trial by exception or protest, otherwise it must be considered waived. Pitcher v. Bd. of Trade, 121 Ill. 412; Burton v. St. George's Soc., 28 Mich. 261; Walker v. Wainwright, 16 Barb. 488; Glordon v. Sup. Lodge, 50 Mo. App. 45.

Voluntary submission to and participation in said trial and its results, without objection to any part of the procedure, is equivalent to a waiver of all irregularities. Pitcher v. Board of Trade, 121 Ill. 412; Peyer v. Mut. Relief Soc., 90 Calif. 240; Walker v. Wainwright, 16 Barb. 486; Anacosta Tribe v. Murback, 13 Md. 91; Glordon v. Sup. Lodge, 50 Mo. App. 45.

When an appellate tribunal is provided by a society, in which the proceedings of a local camp may be reviewed, any member feeling aggrieved at the action of his local camp must exhaust the remedy by appeal, provided for in the laws of the order, before recourse can be had to the courts; and by the failure of Deters to appeal from his trial in the local camp to the board of directors, the decision of the local camp is conclusive upon him and his beneficiary. Niblack on Mut. Ben. Societies (1st Ed.), Sec. 79; Niblack on Mut. Ben. Societies (2d Ed.), Sec. 111; Grosvenor v. United Society, 118 Mass. 78; Dolan v. Good Samaritans, 128 Mass. 437; Chamberlain v. Lincoln, 129 Mass. 70; Karcher v. Supreme Lodge, 137 Mass. 368; Reed v. Ins. Co., 138 Mass. 575; Oliver v. Hopkins, 144 Mass. 175; Screwsmen's Association v. Benson, 76 Tex. 552; Van Poucke v. Society, 63 Mich. 378; La Fond v. Deems, 81 N. Y. 507; White v. Brownell, 2 Daly 329; Harrington v. Benevolent Society,

70 Ga. 340; State v. Gd. Lodge (N. J.), 22 Atl. Rep. 63; Glordon v. Sup. Lodge, 50 Mo. App. 45; Sup. Lodge K. P. v. Wilson, 66 Fed. Rep. 785; McAlees v. Sup. Order (Pa.), 13 Atl. Rep. 755; Jeane v. Gd. Lodge (Me.), 30 Atl. Rep. 70.

The society acts in a *quasi-judicial* character, and where in good faith it pursues the method prescribed by its by-laws its sentence is conclusive, like that of a judicial tribunal, and can not be attacked collaterally. Angell and Ames on Corp. (11th Ed.), Sec. 418; Karcher v. Sup. Lodge, 137 Mass. 368; The People ex rel. v. Board of Trade, 80 Ill. 134; Robinson v. Yates City Lodge, 86 Ill. 598; Commonwealth v. Pike Ben. Soc., 8 Watts & S. 250; Pitcher v. Board of Trade, 121 Ill. 412; Commonwealth v. Germ. Soc., 15 Pa. St. 247; Burton v. St. George's Soc., 28 Mich. 261.

HURLEY & KOERNER, attorneys for appellee; G. A. KOERNER, of counsel.

There is no question but that all members of a voluntary association are bound by the by-laws, but they are entitled to the benefits of all the provisions.

When a forfeiture is claimed under the by-laws, and proceedings under their provisions are had, they must appear reasonable, and be in strict accordance with such by-laws, upon due notice to the accused, and an opportunity on his part given to defend and explain his conduct. 16 Am. and Eng. Enc. of Law, 82, 83; Blumenfeldt v. Korschuck, 43 Ill. App. 434; United Workmen v. Zuhlke, 129 Ill. 298; Nelson v. Board of Trade, 58 Ill. App. 399.

Where the expulsion is void, no appeal is necessary to avoid any effect of it, for it has none. Superior Lodge v. Zuhlke, 30 Ill. App. 98.

If the constitution and by-laws of the lodge give the member a right of appeal, and some affirmative proceedings resulting in his expulsion or suspension have been consummated, he must exercise his right of appeal before resorting for redress to the courts, but it must appear that the lodge or society had jurisdiction and had given notice, and proceeded in a regular manner. 16 Am. and Ency. of Law,

82; Mulroy v. Knights of Honor, 28 Mo. App. 463; Karcher v. Supreme Lodge, 137 Mass. 368.

Unless the camp or lodge has jurisdiction and proceeds in the manner provided for in the by-laws, its judgment of suspension is a usurpation which can not affect the rights or legal status of any one. 16 Am. and Eng. Enc. of Law, 83; Hall v. Supreme Lodge, 24 Fed. Rep. 450.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

This action was brought by appellee to recover insurance on her benefit certificate issued by appellant to appellee's husband, who died, as claimed by appellee, while a member of the order, but not until after expulsion, as claimed by appellant. The undisputed facts are that August L. Deters became a member of the order October 1, 1891, and on that date received a benefit certificate for $2,000 payable to his wife, in case of his death while in good standing, but if expelled while holding the certificate, then it was to be null and void. On March 29, 1894, a petition was presented to the venerable consul of this camp, No. 1556, then being August L. Deters, for a special meeting for the purpose of preferring charges against said Deters for immoral conduct, and asking that a committee be appointed. H. R. Harms acted as consul and appointed a committee of three at a special meeting, held the same date as the complaint. At a meeting held April 5, 1894, the committee made a written report that they had investigated the complaint and deemed it their duty to charge Neighbor Deters with having attempted to commit an immoral act on Friddie Otten by force on about March 15 or 16, 1894, and recommended that the camp investigate the matter more fully, and named four witnesses to prove the same. This report was accepted and a vote taken to give him a fair trial. On April 19, 1894, a regular meeting was held and the records show what is called a trial was had, the committee testifying to what the girl had told them, and Deters denied the charge. A vote being taken, he was expelled, and died June 6, 1894. The

evidence further shows that no witness was examined be-
fore the camp to sustain the charge. No depositions were
taken. Deters was not present at the interview of the
committee with the girl, which they narrated before the
camp, and he was not notified that it was to take place.
Her evidence was not taken in any form, nor was any at-
tempt made to do so.

The fundamental laws of appellant provide that a copy
of the charge shall be delivered to the accused; that at least
a week shall intervene between preferring the charge and
the trial. "The consul shall question witnesses and the ac-
cused or his assistant may cross-question them. This being
done, any neighbor present may interrogate the witnesses.
Should any of the witnesses not be members of the frater-
nity, they may be invited in and examined before members
are examined. After all evidence is in, the consul may
discuss the matter, and one neighbor on behalf of the ac-
cused may reply. Accused may also be heard in his own
behalf." A local camp shall give all accused neighbors a
fair trial.

The appellant contends: 1, that the record of the local
camp of the trial is conclusive on the court, and that evi-
dence could not be heard as to what was the basis of its
judgment of expulsion; 2, that if the deceased was not sat-
isfied he could have appealed; 3, that his presence at the
trial waived all irregularities.

In United Workmen et al. v. Zuhlke, 129 Ill. 298, counsel
for appellant made the same point, that the record of the
order was conclusive. The point was not sustained. The
right to question the validity of expulsion is sustained in
Blumenfeldt v. Korschuck, 43 Ill. App. 434–436, and author-
ities cited. Where property rights are involved, courts
have the power to examine the proceedings of such tribunals
for the purpose of determining whether the action taken is
in substantial compliance with the law of the order, and
where the rules provide for hearing evidence, and action is
taken without evidence, "a proceeding of that character
can not be sustained." Ryan v. Cudahy, 157 Ill. 108. This

case carefully reviews the authorities, and whatever other courts may hold as to their power over such tribunals as this local camp, the question is settled in this State, and this case in hand illustrates the wisdom of the rule adopted, for the trial in the local camp on hearsay was a farce. It was neither neighborly, fair, nor in accordance with the rules of the order. The evidence shows the girl at first denied any impropriety, and afterward, on some pressure, told a story that indicated an attempt at undue familiarity, which was indignantly denied by the accused, who warned his neighbors that the accusation was the work of enemies. The fact alone, that at the time of the alleged impropriety he was suffering with a fatal disease, which soon after the trial caused his death, gives weight to his denial. However the fact may be, this court is of the opinion he did not have a fair trial, in accordance with the laws of the order to which he belonged, and that the proceedings of expulsion were wholly void, from which he did not have to appeal. Supreme Lodge, etc., v. Zuhlke, 30 Ill. App. 98. His appearance did not waive his fundamental rights secured to him by the laws of the order.

The judgment is affirmed.