### EMMA SPIEGEL v. LOCOMOTIVE ENGINEERS MUTUAL LIFE & ACCIDENT ASSOCIATION.[1]

March 12, 1926.

No. 25,242.

**Copy of written charges against member of labor union jurisdictional to his expulsion from mutual insurance association and he was not guilty.**

Defendant is a mutual insurance association providing insurance on the assessment plan for members of the Brotherhood of Locomotive Engineers. The insurance is dependent upon such membership. Gustave Spiegel, being a member of the brotherhood, carried such insurance. His death having resulted from accident his widow, being his beneficiary, sued to recover the insurance. The defense was that prior to his death the insured had lost his membership in the brotherhood by expulsion. It is *held*:

(1) In the proceedings for expulsion furnished to the insured, a written copy of charges against him as required by section 47 of the laws of the brotherhood is jurisdictional.

[1] Reported in 207 N. W. 722.

(2) Insured's presence at the time of his trial is not a waiver of jurisdictional requirements.

(3) Upon the facts stated in the opinion the insured had no trial, was not guilty of the accusation made against him, and at the time of his death was a member of the brotherhood. The obligation to appeal to a tribunal in the brotherhood is not imposed when expulsion is void for want of jurisdiction.

(4) The charges preferred against insured were sufficiently definite.

(5) A member of a fraternal order who tenders payments of his assessments has not abandoned his membership.

Mutual Benefit Insurance, 29 Cyc. pp. 29 n. 6; 34 n. 29, 33, 34; 35 n. 36; 36 n. 47; 40 n. 66; 168 n. 39; 205 n. 33.

Action in the district court for. Ramsey county. The case was tried before Boerner, J., who made findings and ordered judgment in favor of plaintiff. Defendant appealed from an order denying its motion for a new trial. Affirmed.

*George W. Peterson, Oppenheimer, Dickson, Hodgson, Brown & Donnelly*, for appellant.

*Oscar Hallam* and *Oliver G. Wondra*, for respondent.

WILSON, C. J.

This is an appeal from an order denying an alternative motion for amended findings or a new trial. The plaintiff, as beneficiary, brought this action to recover on two certificates of insurance of $1,500 each, issued by defendant to her husband, Gustave Spiegel, who was drowned June 17, 1924. He was a member of Division No. 333, St. Paul, Minn., of the Brotherhood of Locomotive Engineers. Defendant is a mutual life and accident insurance association incorporated under the laws of Ohio. Its business is to provide insurance on the assessment plan for the Brotherhood of Locomotive Engineers which is a voluntary labor organization. The insurance is dependent upon membership in the brotherhood. The defense is that the insured having lost his membership by expulsion, the insurance was forfeited prior to his death.

Section 46 of the laws of the brotherhood provides that if a member has violated any law, rule or regulation of the order, charges will follow. Section 47 requires the appointment of an investigating committee. Section 49 provides:

"Should the committee find any evidence against the accused, he shall be furnished by the chairman of the committee with a written copy of the charges made against him and notified when to appear for trial, at which trial the said committee shall produce the evidence against him, and the evidence in his defense shall be heard, after which a vote of the members present shall be taken by ballot as to his guilt or innocence, and a majority vote shall be necessary to declare him guilty. If found guilty, the ballot shall be passed and a majority vote of all the members present shall be sufficient to expel, suspend, reprimand or to censure him."

Defendant claims that the insured was expelled from the brotherhood on March 12, 1923, upon conviction for a violation of section 51, which reads:

"Any member of the B. of L. E. who takes the place of anyone engaged in a strike recognized as legal by the B. of L. E. shall be expelled when proven guilty, and shall forever be ineligible for readmittance to this Brotherhood."

The strike, hereinafter mentioned, was recognized as legal by the brotherhood. Upon the submission of a special question in this case, the jury found that the chairman of the committee had not furnished Spiegel with a written copy of the charges before the trial, as provided by section 49. All other questions were tried by the court.

If the insured was not a member of the brotherhood at the time of his death, plaintiff cannot recover. If the brotherhood, in its efforts to expel the insured, disregarded any essential requirement of its laws, it would be without jurisdiction. In our opinion furnishing a written copy of the charges, as required by section 47, was essential. Having failed in this respect the brotherhood did not acquire jurisdiction. Jurisdictional requirements cannot be

ignored. People v. Mechanics Aid Soc. 22 Mich. 86; United Workmen v. Zuhlke, 129 Ill. 298, 21 N. E. 789; Tourville v. B. L. F. 54 Ill. App. 71; Society v. Commonwealth, 52 Pa. St. 125, 91 Am. Dec. 139. Whether the insured actually had a right of appeal we do not decide.

The insured's presence at the so-called trial cannot be construed as a waiver of the jurisdictional requirements. Burmaster v. Alwin, 138 Minn. 383, 165 N. W. 135; Byram v. Sovereign Camp W. W. 108 Iowa, 430, 79 N. W. 144, 75 Am. St. 265. His demand for information was refused. He was entitled to hear the evidence against him. He had paid his assessments for 14 years. He had valuable rights. The committee appointed pursuant to section 47 reported: "We * * * find that he took the place of a striker, and is still holding the same position. We have been requested to not divulge the names of the informants." This report seems to have been based on information furnished the committee by others. At the time of the so-called trial, no one who knew the facts, except the insured, was present. He denied the charge. The committee did not "produce the evidence" as required by section 49, but withheld it from insured. No trial was in fact had upon the accusation. In such organization formal and technical procedure cannot be expected, but when such vital matters are involved the accused is entitled to a substantial compliance with the law. The steps taken to bring about his expulsion were so irregular as to be void. Kulberg v. Nat. Council, 124 Minn. 437, 145 N. W. 120; Modern Woodmen v. Deters, 65 Ill. App. 368; Dick v. Supreme Body, 138 Mich. 372, 101 N. W. 564; Rose v. Supreme Court O. of P. 126 Mich. 577, 85 N. W. 1073.

During the period of the strike, the insured was promoted from stationary fireman to night roundhouse foreman, a position which he had formerly held and which was made vacant by the promotion of one Bodean to day roundhouse foreman, a position which he had formerly held. Bodean was not a striker. Neither he nor the insured was a member of the organization engaged in the strike. Bodean did not take the place of a striker; neither did insured.

The brotherhood, as a matter of law, was without authority to find insured guilty of violating section 51. Its verdict was a nullity. Under such conditions the insured was not required to appeal. Malmsted v. Minneapolis Aerie, 111 Minn. 119, 126 N. W. 486, 137 Am. St. 542; Nat. Council v. Turovh, 135 Minn. 455, 161 N. W. 225; Bomsta v. Nelson, 137 Minn. 165, 163 N. W. 135; Bacon, Life & Accident Ins. (4th ed) § 133.

After the alleged expulsion, the insured paid his assessments for one year and thereafter tendered his payments each month until his death, thereby meeting the requirements of his contractual obligation. This is also a sufficient answer to the claim of abandonment of membership. Upon the record the insured was at the time of his death a member of the brotherhood. He was charged with "violating section 51." Under our construction of that section the accusation was sufficiently definite.

Affirmed.

STONE, J. (concurring.)

I concur in everything except the statement that "the accusation was sufficiently definite." Considering the solution of that problem wholly unnecessary to decision, I do not express an opinion on it one way or the other.