# F. A. LINDBERGH v. COUNTY OF MORRISON.[1]

January 19, 1912.

Nos. 17,401—(189).

**Judgment for instalment of tax — conclusive as to subsequent instalments.**

Where, in proceedings to enforce taxes delinquent on real estate, a defense is made to an instalment included therein for a lien assessed as benefits against such real estate for the construction of a drainage ditch, on the ground that the proceedings in establishing the ditch are void, and a judgment is entered therein discharging the land from the tax extended for such instalment, such judgment is res judicata as to the unenforceableness of subsequent instalments.

[1] Reported in 134 N. W. 126.

**Action to remove cloud.**

In such a case an action will lie by the landowner against the county to remove the cloud cast upon his title by the apparent lien of the whole ditch assessment.

Action in the district court for Morrison county to vacate and set aside as to plaintiff certain ditch proceedings and the order of the county commissioners pretending to lay out and establish the ditch; to vacate and set aside the tabular list and lien statement and the record thereof; and to remove the cloud on plaintiff's title to his land created thereby, and to forever quiet plaintiff's title against the pretended ditch lien. The answer alleged that plaintiff was, at the time of filing the petition for the ditch, the duly elected, qualified and acting county attorney of the county; that he was one of the petitioners in the petition and one of the bondsmen on the petitioner's bond, and was duly apprised of all proceedings taken therein, and at no time raised any objection thereto. It admitted that the officers of the county would attempt to enforce the ditch lien in a lawful manner under the laws of the state, and not otherwise; that the ditch is a physical ditch and drains large areas of land on either side thereof and that the land of plaintiff thereby was greatly benefited; that in its construction defendant necessarily expended large sums of money, and under the ditch laws of the state issued bonds of the county payable in ten years in payment thereof. The reply alleged that in 1907 an assessment of $76.80 was levied against plaintiff's land, being one-tenth the total tax; that this tax was not paid, and the land was placed upon the delinquent list; that plaintiff interposed an answer and set out the facts alleged in the complaint; that on May 10, 1909, judgment was ordered discharging the land from the ditch lien.

The case was tried before Nye, J., who made findings and ordered judgment dismissing the action. From the judgment entered pursuant to the order, plaintiff appealed. Reversed and remanded, with direction to the trial court to amend the conclusion of law so as to entitle plaintiff to judgment removing and canceling the ap-

parent lien of the ditch assessment upon the county records in so far as it related to plaintiff's lands.

*E. P. Adams,* for appellant.

*Don M. Cameron,* for respondent.

HOLT, J.

This action is brought by plaintiff against the county of Morrison to remove the cloud on plaintiff's title to certain lands in said county, created by alleged void drainage proceedings and consequent ditch assessments levied on such lands. The action was tried, and findings of fact and conclusions of law made, upon which judgment was entered that plaintiff is entitled to no relief. From the judgment he appeals, and contends that upon the pleadings and findings of fact the conclusion of law was erroneous, and judgment should have gone for him.

The findings establish these controlling facts:

In February, 1904, plaintiff and other landowners of the county petitioned the board of county commissioners for a drainage ditch to be located wholly within said county, under the provisions of chapter 258 (page 413) of the General Laws of 1901, and amendatory acts. The board and auditor attempted to give notice of the filing of the petition as required by law, but said notice as published, mailed, posted, and served did not conform to the statute, in that it did not contain a copy of said petition, but in form purported to be a notice of the hearing upon the engineer's report. It does not appear that the notice was published the full time required by law. Notwithstanding this the county commissioners appointed an engineer and viewers, who made and filed their respective reports in such ditch proceeding; but the engineer's report was insufficient, in that it failed to describe accurately and definitely the exact course of the proposed ditch, and in attempting to give notice of the hearing of the reports there was a failure to publish said notice for the full time prescribed by law.

On July 5, 1904, upon the proceedings and notices recited, the county commissioners established the ditch by an order which failed

to describe the route thereof with accuracy and definiteness, but did describe it as being located substantially within the same sections referred to as its location in the petition for the ditch. The ditch was constructed at large expense by the county, and bonds issued to pay therefor.

On February 21, 1907, the auditor prepared the tabular statement required, showing the amount each tract of land benefited was liable for. This statement was duly signed and acknowledged by the auditor, and recorded in the office of the register of deeds in the county, and showed that there was an apparent lien of $835.50 upon plaintiff's lands as assessment for benefits in said proceeding. One-tenth of this lien is each year added to and becomes an item in the general taxes levied against plaintiff's lands. In the proceedings to enforce payment of taxes remaining delinquent on the first Monday of January, 1909, upon these lands, plaintiff filed his answer, alleging in substance the same defects in the ditch proceedings as above stated, and judgment was thereupon entered in the district court on May 10,.1909, wholly discharging these lands of plaintiff from said ditch tax theretofore extended in the year 1907, being one of the ten annual payments due upon the ditch lien.

It therefore conclusively appears that the question of the validity of one-tenth of this ditch lien on plaintiff's land has been determined adversely to the county in the proceedings to enforce taxes delinquent on lands on the first Monday of January, 1909. No appeal was taken, so that, even if. erroneous, the parties are concluded by that judgment as to that instalment. Is this res judicata as to the succeeding instalments?

The order establishing the ditch and the subsequent making and recording of the tabular statement showing one specific assessment upon the lands benefited constitutes one lien thereon, payable in instalments of one-tenth of the whole each year thereafter. These instalments, if not paid, are included each year in the real estate taxes, and the payment enforced in the ordinary delinquent tax proceedings. The presumption is that all the proceedings prior to making and recording of the tabular statement by the auditor are

valid; hence, in adjudging one-tenth of the lien void, the court necessarily determined that the proceedings establishing the ditch and placing the lien on plaintiff's lands were void. There seems to be no escape from the conclusion that, if the proceedings taken do not support the validity of the first instalment of the lien, the succeeding instalments will be in no better position.

Respondent contends that the subject-matter of the present action is not the same as the one in the proceeding to enforce the payment of the taxes delinquent on these lands on the first Monday of January, 1909, and therefore the judgment rendered therein is not res judicata in the case at bar.

Payment of the remaining nine instalments of the lien can be compelled only in proceedings to enforce taxes delinquent on the lands each year. The taxing authorities are required to include the unpaid instalment of the ditch lien for each year in the real estate tax for such year till the whole lien is paid. There can be no doubt that plaintiff can successfully set up the defense of res judicata in subsequent proceedings in the enforcement of delinquent taxes against these lands as far as any ditch lien is therein included. Markley v. People, 171 Ill. 260, 49 N. E. 502, 63 Am. St. 234; Gross v. People, 193 Ill. 260; Auditor General v. Bishop, 161 Mich. 117, 125 N. W. 715. If, then, the adjudication already had necessarily determined that the whole lien is unenforceable and void in future delinquent tax proceedings, it follows that plaintiff ought not to be compelled to defend in those proceedings each year. This suit is brought to avoid the expense and delay involved in nine successive tax suits with reference to these lands, and to have the cloud of the lien removed from the record. · The invalidity of the proceedings which terminated in the ditch lien was adjudicated in the judgment referred to in the proceeding to enforce the delinquent taxes, and such invalidity is the basis of relief in the present action.

It may be suggested that the county was not a party to the delinquent tax proceeding; but the answer is that, in so far as such proceeding involved the collection of an instalment of the ditch lien, it was conducted for the sole benefit of the county. It appearing

that the ditch lien has been adjudged void as to the first instalment, it follows that it is unenforceable as to any instalment in the future upon proof of the former judgment. Therefore plaintiff is entitled to have the cloud of the lien removed from his title upon the record.

This conclusion renders it unnecessary to determine whether or not, in the absence of this adjudication in the delinquent tax proceedings, the ditch proceedings were without jurisdiction for failure to comply with the statute as to giving, serving, and publishing proper and timely notices, or to pass upon plaintiff's right to question the jurisdiction after petitioning for the ditch and standing by without objecting while the ditch was ordered, constructed, and paid for by the county.

The judgment appealed from is reversed, and the cause remanded, with direction to the court to amend the conclusion of law, so as to entitle plaintiff to a judgment removing and canceling the apparent lien of the ditch assessment referred to in the complaint upon the records in Morrison county, in so far as the same relates to the lands of plaintiff described therein.