# ANDY H. BOMSTA v. HEMMING S. NELSON AND OTHERS.[1]

## June 8, 1917.

## Nos. 20,339—(141).

**Judicial ditch — confirmation of assessment — right of appeal — invalidity of assessment.**

1. Although the statute does not allow an appeal from an order establishing a judicial ditch, it allows an appeal from a final order confirming an assessment therefor, and upon such appeal the question may be raised that the assessment is void for lack of authority to construct the ditch.

**Same — may include enlargement of existing ditch.**

2. Where a judicial ditch has been constructed which provides drainage for only part of the lands in the drainage basin which require drainage, a second and more extensive judicial ditch which will provide drainage for lands not provided for by the first, and will also more efficiently drain the lands sought to be drained by the first, may be constructed and may include the former ditch as a part thereof for the purpose of widening and deepening the former ditch and extending it to a proper outlet.

**Same — assessment for second ditch.**

3. If land which has been assessed for the first ditch receives an additional benefit from the second ditch, it may be assessed for the second ditch in an amount not exceeding the additional benefit so received.

Proceedings in the district court to establish Judicial Ditch No. 8 in Kandiyohi county. Andy H. Bomsta and others filed objections to the establishment of the ditch. From an order, Qvale, J., overruling his objections to the jurisdiction of the court to establish the proposed ditch, Andy H. Bomsta appealed. Affirmed.

*George H. Otterness, C. A. Fosnes, R. W. Stanford* and *L. K. Sexton,* for appellant.

*T. O. Gilbert* and *L. D. Barnard,* for respondent.

TAYLOR, C.

Under proceedings begun in 1908, Judicial Ditch No. 1 in the coun-

[1]Reported in 163 N. W. 135.

ties of Kandiyohi and Meeker was duly established and constructed, and the cost thereof was duly assessed against the property benefited thereby. The proceedings here in question were instituted to establish and construct a judicial ditch, in those counties, designated as Judicial Ditch No. 8; and, "by construction of the proposed ditch No. 8 which is laid over the course of said ditch No. 1, and which extends about two miles beyond the terminus thereof, it is proposed to greatly enlarge, widen and deepen the main channel of said ditch No. 1, that branch ditches are prescribed for ditch No. 8, which were not included in ditch No. 1, and that the purpose of said new ditch and the branches thereof is to drain a greater territory than drained by ditch No. 1, and will more effectively drain the entire territory covered by both projects."

Appellant's property was assessed for the construction of Judicial Ditch No. 1, and is also assessed in the present proceedings for the construction of Judicial Ditch No. 8. He filed written objections to ditch No. 8 in which he insisted that the court had no power to establish and construct another ditch along the route of the former ditch, and that the proceedings were without jurisdiction and void for that reason. The court made an order overruling his objections, and thereafter, and at the final hearing, made another order confirming the assessment against his land. He appealed from both orders. The first order is not appealable and requires no further mention. The statute gives no appeal from the order establishing the ditch, but provides: "Any aggrieved party * * * against whose property benefits are assessed, may appeal to the supreme court, as in civil actions, from any final order except an order establishing such ditch."[1] This statute authorized the appeal from the final order confirming the assessment.

Appellant rests his appeal upon the proposition that the court was without power to construct ditch No. 8 and assess his land therefor, after it had constructed ditch No. 1 and had assessed the same land for the construction of that ditch; and concedes that, if the court had power to construct a second ditch along the line of ditch No. 1, the proceedings were in all respects regular and in accordance with the statute. Although no appeal is allowed from the order establishing the ditch, and the question presented necessarily involves the validity of such

[1] G. S. 1913, § 5577.

order, yet a party against whom an order or judgment is sought to be enforced may show that such order or judgment is of no effect, for the reason that the court had no power to render it. Sache v. Wallace, 101 Minn. 169, 112 N. W. 386, 11 L.R.A.(N.S.) 803, 118 Am. St. 612, 11 Ann. Cas. 348; Malmsted v. Minneapolis Aerie, No. 34, F. O. E. 111 Minn. 119, 126 N. W. 486, 137 Am. St. 542. If the court was without power to construct the ditch, it was likewise without power to make an assessment therefor, County of Ramsey v. Stees, 28 Minn. 326, 9 N. W. 879; and we think appellant, upon this appeal, may raise the question that the entire proceeding was outside the jurisdiction given to the court, and that the assessment against his land is void for that reason.

The second ditch passes over the same line as the first ditch, but extends to an outlet 2 miles beyond the outlet of the first ditch, and also includes branches and laterals not provided for by the first ditch. The project includes the widening and deepening of the first ditch, the drainage of a larger territory than was drained by the first ditch, and the more efficient drainage of the same territory that was partially drained by the first ditch.

Whenever "one or more of the landowners whose land will be liable to be affected by or assessed for the expense of the construction of the same" (G. S. 1913, § 5525), petitions therefor and the other jurisdictional prerequisites are found to exist, the statute gives authority to construct "any ditch, drain, creek or other watercourse," and provides that "such ditch, drain, creek or other watercourse may, in whole or in part, follow and consist of the bed of any stream, creek or river, whether navigable or not, or any lake, whether meandered or not, and they may widen, deepen, straighten, change, lower or drain the channel or bed of any creek, river, lake or other natural watercourse, whether navigable and whether meandered or not." G. S. 1913, § 5523.

The power given is broad. There is no provision, as in some states, for a topographical survey of the entire drainage basin in which the proposed ditch is to be constructed, and no requirement that the necessary drainage for such drainage basin shall be provided for in one project. Under the statute one or more landowners may file a petition for a ditch, designating therein its general route and the point where it shall begin and the point where it shall terminate, and, if the prescribed con-

ditions are found to exist, the ditch is to be constructed, although other lands within the same drainage basin, which require drainage and the drainage from which, by reason of the contour of the country, must pass over the same route as the proposed ditch, are not provided for thereby. In view of the broad powers given, and the purpose sought to be accomplished, and the absence of anything indicating such intention, we cannot hold that the legislature intended that the construction of a ditch, at the instance of certain property owners, draining only a part of a drainage basin, should operate to bar the construction of another ditch, at the instance of the same or of other property owners, draining other parts of such basin, although in order to secure a proper outlet it may be necessary to extend the second ditch over the same route along which the first was constructed, and to enlarge and deepen the channel of the first ditch. The statute gives the same right to those who petition for the second ditch to initiate their project that it gave to those who petitioned for the first ditch to initiate that project, and contains no provision that a later project shall be confined to territory not embraced within the earlier project. To hold that the construction of the first ditch exhausted the power granted, and that the second cannot be constructed for that reason, would hinder the drainage of wet lands, and tend to defeat and not to further the purpose of the statute. Meranda v. Spurlin, 100 Ind. 380; Hauschild v. Roth, 181 Ind. 183, 194 N. E. 11.

Appellant calls attention to section 6 of chapter 300, p. 434, of the Laws of 1915, which authorizes the county commissioners to make repairs and improvements upon existing ditches, but we find nothing therein limiting the previously granted power to construct new ditches.

The fact that the statute expressly authorizes the changing and enlarging of natural streams cannot be taken as indicating that an artificial ditch, though not mentioned, may not be changed and enlarged to make it a part of a more extensive and efficient ditch system, for the evident purpose of the legislature in granting such authority was, not to restrict the powers conferred, but to remove the common law restrictions against interfering with the course of a natural stream.

It appears from the record that the construction of the second ditch, instead of impairing the usefulness of the first, will accomplish more

efficiently the purpose sought to be accomplished by the first. Of course the amount assessed against appellant's land for the construction of the second ditch cannot exceed the amount which his land will be benefited by such second ditch. The first ditch has already been constructed and he has paid his share of the cost thereof. If his land is fully drained by the first ditch and will receive no additional benefit from the second ditch, it cannot be assessed for the construction of the second ditch; but if his land is not fully drained by the first ditch, and the second ditch will drain it more efficiently, it may be assessed for the additional benefit which will be derived from the second ditch.

We have reached the conclusion that the statute conferred authority to construct the second ditch, and to make the proper assessments therefor; and, as the record presents no other question, the order appealed from is affirmed.