## COUNTY OF ROCK v. H. E. McDOWELL.[1]

December 4, 1923.

No. 23,677.

**When landowner cannot attack local assessment in proceeding to enforce collection.**

1. Where the act authorizing a special assessment provides when and in what manner a property owner may contest the validity and amount of the assessment and gives him a proper opportunity to do so, he must make his defense at the time and in the manner provided and cannot attack the assessment in proceedings subsequently brought to enforce its collection.

**When he may contest it in proceeding under general tax law.**

2. Where a special assessment is to be collected under the general tax laws and no opportunity is given a property owner to contest it in the prior proceedings, he may do so in the proceedings under the general tax laws.

**What landowner must prove to establish defense.**

3. In proceedings brought under the general tax laws, the delinquent list makes a prima facie case against the property owner.

[1] Reported in 196 N. W. 178.

Showing that it includes an assessment from which he took an appeal is not a defense, unless he also shows that the appeal resulted in a reduction of the assessment or is still pending.

Proceeding in the district court for Rock county to enforce delinquent real estate taxes for the year 1921. The matter was heard before Nelson, J., who granted plaintiff's motion for judgment for the amount of the tax and penalty. From the judgment in favor of plaintiff for $724.05, defendant appealed. Affirmed.

*Teigen & Davis* and *Boyeson, Otis & Brill*, for appellant.

*Frank F. Michael*, for respondent.

TAYLOR, C.

This is the statutory proceeding to enforce payment of delinquent real estate taxes in the county of Rock. Defendant, the owner of a tract of land in the city of Luverne in Rock county, interposed an answer setting forth objections and defenses to a special assessment for paving levied against this property by that city. The trial court ruled that the validity, propriety and amount of this special assessment could not be attacked in the present proceeding. Whether this ruling was correct is the question presented.

Luverne is a city of the fourth class which has not adopted a home rule charter. The paving was constructed and the assessment therefor levied under and pursuant to chapter 65, p. 62, Laws of 1919. This law authorizes the city to pave its streets and to assess the cost thereof against abutting property, and prescribes the procedure to be followed in making the assessment. It provides that an assessment roll shall be prepared and be filed with the city clerk; that notice shall be given of the time and place when and where the city council will meet to hear objections and pass upon the proposed assessment; that the council shall hear and pass upon all objections to the assessment and may make such amendments thereto as it deems just; that a certified duplicate of the assessment roll shall be transmitted to the county auditor; and that the assessment shall be extended on the tax list and be collected in the same manner as other municipal taxes.

Section 11 of the act provides:

"The party desiring to object to the assessment, or his duly-authorized agent or attorney, shall on or before the date of hearing upon such assessment, file with the clerk a written statement of the objections and all objections not specified therein shall be deemed waived."

Section 12 provides:

"Within ten days after the adoption of the assessment, any person aggrieved who appeared and filed objections thereto, may appeal to the district court by serving a notice upon the chief executive officer of the municipality. * * * The appeal shall be placed upon the calendar of the next general term commencing more than five days after the date of serving the notice and shall be tried as other appeals in such cases."

The assessment roll was made and filed, and notice of the hearing thereon given as required by the act. Defendant filed objections to the assessment against his property. Others filed objections to the assessment against their property. The city council overruled all objections, and adopted and confirmed the assessment. Defendant appealed to the district court. The order adopting the assessment was made November 26, 1921, and the appeal was taken within 10 days thereafter. The present proceeding, brought under the general tax law, was initiated by filing the delinquent list with the clerk of the district court on January 31, 1923.

Defendant insists that, in this proceeding under the general tax law, he has the right to present and litigate the several objections and defenses to the special assessment against his property which he asserted at the hearing before the city council and in his appeal to the district court. He is entitled to an opportunity to contest the validity and amount of the assessment at some time during the proceedings. But where, as here, the law authorizing the assessment prescribes when and in what manner he shall make his objections to it, and gives him a reasonable opportunity to contest it on the merits, he is bound and concluded by the assessment as fixed and established by the assessing body, or, in case of an appeal, by

the appellate tribunal, and cannot attack it thereafter except for lack of jurisdiction to make it.

State v. Norton, 63 Minn. 497, 65 N. W. 935, involved an assessment for paving and curbing in the village of West Duluth. So far as here material, the statutory provisions (G. S. 1894, §§ 1337-1353), under which that assessment was made, were substantially the same as the statutory provisions governing the present case. The statute provided that an assessment roll should be prepared by the village assessor; that notice should be given of the time and place at which the village council would meet to review and confirm the assessment; that at this time and place any person interested could appear and object to the assessment; and that the confirmation by the council should be final except as therein provided. The act further provided that any person aggrieved by the assessment could appeal to the district court therefrom within 20 days after it had been confirmed. The act also provided that instalments into which the assessment was divided should be certified to the county auditor and should be extended on the tax lists and be collected in the same manner as other taxes. The defendants did not appear before the council nor appeal to the district court. When proceedings were brought under the general tax law to enforce the collection of taxes including this assessment, they interposed an answer attacking the validity and the amount of the assessment. The court held that the act gave them ample opportunity to be heard in the original proceedings and that they were concluded by those proceedings.

That such is the general rule is well settled both in this state and elsewhere. State ex rel. v. District Court of St. Louis County, 61 Minn. 542, 64 N. W. 190; State v. District Court of Hennepin County, 33 Minn. 235, 22 N. W. 625; Thompson v. County of Polk, 38 Minn. 130, 36 N. W. 267; McKusick v. City of Stillwater, 44 Minn. 372, 46 N. W. 769; Jacobson v. County of Lac qui Parle, 119 Minn. 14, 137 N. W. 419; A. A. White Townsite Co. v. City of Moorhead, 120 Minn. 1, 138 N. W. 939; and the numerous cases cited in 9 A. L. R. 662, 698.

As already stated a landowner is entitled to notice and to an opportunity to contest the validity and amount of a special assess-

ment against his property at some time before it becomes final. If no such opportunity is afforded him in the proceedings for making the assessment, and the assessment is to be collected under the general tax laws, he may present his defense in the proceedings under those laws. State ex rel. v. City of Red Wing, 134 Minn. 204, 158 N. W. 977; Re Delinquent Taxes in Polk County, 147 Minn. 344, 180 N. W. 240; Wall v. Borgen, 152 Minn. 106, 188 N. W. 159; and the cases cited in above cases.

But defendant was given ample opportunity to make his defense in the original proceedings and is precluded from attacking the propriety or amount of the assessment in this proceeding. He availed himself of the opportunity afforded in the original proceedings by filing his objections and appealing to the district court. Whether his appeal has been heard and determined, or is still pending, is not disclosed by this record, unless the lapse of time justifies an inference that it must have been disposed of by trial or dismissal.

In the present proceedings, the delinquent list made a prima facie case against defendant. If he had obtained a judgment on his appeal which entitled him to a reduction in the amount claimed against his property in that list, he had the burden of showing that fact. If the appeal was still pending undetermined, it was incumbent on him to show that fact if he claimed that the present proceedings should be held in abeyance or continued for that reason. On a proper showing that he had exercised due diligence in prosecuting his appeal but that it was still pending undetermined, the court undoubtedly would have suspended action in the present proceeding until he could have the appeal heard and determined.

The ruling of the learned trial court was correct and the judgment is affirmed.