## IN RE JUDICIAL DITCH NO. 4, MURRAY COUNTY.
## C. W. GOVE v. COUNTY OF MURRAY.[1]

November 21, 1924.

No. 24,096.

**Statute not invalid because retrospective.**
1. Chapter 471, Laws 1919, providing for the allowance by the court of the expenses of a judicial ditch proceeding which has been dismissed is not objectionable as retrospective.

[1]Reported in 200 N. W. 833.

Nor invalid because of provision in regard to jury trial.

2. Nor is it objectionable because it does not give a jury trial in the first instance. The constitutional guaranty is satisfied by the provision for a jury trial on appeal.

County primarily liable for services of engineer.

3. By G. S. 1913, § 5571, the primary obligation to finance a ditch proceeding is constitutionally cast upon the county; and this includes the obligation to pay for the services of the engineer, though the ditch proceeding is dismissed.

Claim not barred by statute of limitations.

4. The claim of the engineer is not barred by the statute.

Denial of new trial correct.

5. The evidence sustains the claim in the amount found by the court, and there were no errors calling for a new trial.

Quaere.

6. Whether an appeal from a judgment upon an audit made pursuant to Laws 1919, c. 471, lies directly to this court, quaere.

Audit and allowance of the claim of C. W. Gove for services and expenses in the above entitled ditch proceeding was noticed for hearing in the district court for Murray county, tried before Dean, J., who ordered judgment in his favor for $7,566.28. From the judgment in his favor, county of Murray appealed. Affirmed.

A. W. Tierney and Murphy & Anderson, for appellant.

E. H. Nicholas, for respondent.

DIBELL, J.

The respondent, the engineer in Judicial Ditch No. 4 of Murray county, applied to the district court for the allowance of his claim for services in connection with the ditch. There was judgment in his favor and the county appeals.

1. The subject matter of this controversy has been before the court twice. In State v. District Court, 138 Minn. 204, 164 N. W. 815, it was held that the portion of G. S. 1913, § 5571, providing for the allowance of the fees of the engineer, without notice to the county, was void for want of due process. In view of the dissent,

and the memorandum opinion filed on the denial of the motion for reargument, it was thereafter claimed by the engineer that there was jurisdiction if notice was given to the county though the statute did not provide for it. This claim, he having given such notice, was the subject of consideration in Gove v. County of Murray, 147 Minn. 24, 179 N. W. 569. It was held there, adversely to his contention, that the former decision was conclusive against the constitutionality of the statute.

By L. 1919, p. 620, c. 471, § 11, relating to expenses in a drainage proceeding and authorizing their allowance by the district court, it is provided:

"And in all cases where a judicial ditch proceeding has, for any reason, been dismissed by the court, all fees and expenses connected therewith shall be audited, allowed and ordered paid in like manner."

There is further provision for an appeal to the district court, with a right to a jury trial, and the procedural provisions of G. S. 1913, § 5534, so far as applicable, are adopted.

The ditch proceeding was dismissed on August 31, 1916. The court assumed to retain jurisdiction to audit the expenses. In view of the holding that the provision of G. S. 1913, § 5571, for auditing was unconstitutional the reservation does not seem important.

The statute is not objectionable as retrospective legislation. Conceding the existing liability of the county, it was within the constitutional power of the legislature to provide that the court having, or which had had, jurisdiction of the proceedings, should proceed, upon notice, to the ascertainment and fixing of the liability. The statute affects the remedy and not a substantive property right. Dunnell, Minn. Dig. §§ 1617, 1651, 12 C. J. 1088; Tompkins v. Forrestal, 54 Minn. 119, 55 N. W. 813.

2. Nor is the statute objectionable on constitutional grounds because it does not provide for a jury trial in the first instance. The guaranty of the Constitution is satisfied if at some reasonable time, as here on appeal, the right to a jury trial is preserved.

Flour City F. & T. Co. v. Young, 150 Minn. 452, 185 N. W. 834, and cases cited.

3. The proceedure not being subject to constitutional objection, we are brought to the inquiry whether liability rested upon the county for the services of an engineer. The proceeding was instituted on May 5, 1914. The controlling statute is G. S. 1913, § 5571. In State v. District Court, 138 Minn. 204, 164 N. W. 815, we said that it was the intention of the legislature to make the county primarily liable whether or not the ditch was established; and the question was suggested whether so intending the statute was constitutional. In State v. Hansen, 140 Minn. 28, 167 N. W. 114, it was held that the legislature had constitutionally imposed upon the county the duty of financing the drainage project and that if loss resulted it was a loss incidental to the position of the county as an agency of the state. Whether the duty should be imposed is a matter of mere legislative policy. We adhere to the reasoning of our former holdings. Primary liability for the services of the engineer was upon the county regardless of the sufficiency of the bond. Such liability exists though, as here, the drainage proceeding is dismissed. Our holding as to the intent of the statute is limited to G. S. 1913, § 5571, the only statute before us for construction.

4. The engineer's claim is not barred by the statute of limitations. Notice was given on March 7, 1921. The claimant was appointed engineer on June 10, 1914. He made his report on July 14, 1915, at which time he filed his bill for services. The services were continuous in nature. The last service was within the 6-year period.

5. The county contends that the claimant extended the drainage system beyond the intended limits, and thus increased the amount of his demand to an unreasonable amount. We have sympathy with this contention. We do not, however, impose our judgment against the conclusion of the trial judge, who was in much better position than we are to ascertain the fact. The evidence sustains its finding. We find no errors in the rulings upon the amount of recovery calling for a new trial.

6. The judgment from which the appeal is taken was entered by the court upon audit had pursuant to L. 1919, p. 620, c. 471, § 11. Section 11 provides for an appeal within 30 days to the district court with the right to a jury trial. The question suggests itself whether an aggrieved party can have the audit reviewed except upon an appeal to the district court in the manner provided by statute; in other words, whether an appeal can bring the correctness of the audit directly to this court as in form is done in this case. The question was not raised on the argument. The time for appeal to the district court has passed. In view of our conclusion on the merits of the case the result to the defendant is the same whatever the holding upon the method of review of the audit. Whether an appeal can be taken from the result of the audit in the first instance, without an appeal to the district court, is not decided.

Judgment affirmed.