## STATE v. W. F. MECK.[1]

December 26, 1924.

No. 24,379.

**Delinquent real estate tax list prima facie evidence.**

1. A delinquent tax list in proceedings to enforce payment of taxes on real estate makes a prima facie case for the state.

**Prima facie evidence not affected by refusal to admit other proof.**

2. Where the state, after making such prima facie case, offers other proof, which is rejected, it does not lose the benefit of the prima facie case.

**Burden on defendant to show assessment invalid.**

3. In such proceedings the defendant has the burden of showing that the assessment is invalid.

In proceedings in the district court for Cass county to enforce payment of taxes on real estate remaining delinquent on the first Monday of January, 1923, W. F. Meck filed objections. The matter was heard by Stanton, J., who sustained the taxes. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Lloyd Peabody,* for appellant.

*Clifford L. Hilton,* Attorney General, *G. A. Youngquist,* Assistant Attorney General, and *Edward L. Rogers,* County Attorney, for respondent.

WILSON, C. J.

This is a proceeding to enforce payment of taxes on real estate delinquent the first Monday in January, 1923. Defendant answered that there was included in the tax an item of $399.82 for an alleged and purported resurvey, and that the law (sections 786 to 796, G. S. 1913), under which the resurvey was made was unconstitutional.

Upon the trial of the case the state put in evidence the delinquent tax list as filed for the year 1921. Upon this were lands of defendant here involved as follows:

[1]Reported in 201 N. W. 536.

NE¼ Sec. 25-41-31    $168.27
SE¼  "    "   "   "     178.26

Then the state offered in evidence all the records and files of the office of county auditor in reference to proceedings had in causing a resurvey of certain lands to which this defendant objected on the ground that the same was incompetent and immaterial. This evidence was received subject to the objection which was to be ruled upon later. In the decision the court sustained the objection and struck out the evidence so conditionally received. The state offered no other evidence. Defendant put in but little testimony and in no way impeached the delinquent tax list. Defendant appeals from an order denying his alternative motion for an order amending findings or for a new trial.

Defendant now complains of the court sustaining his own objection and asked for a new trial on the ground of surprise caused by the ruling. The ruling eliminated the survey record from the case. Defendant may be credited for this result. He had no right to assume that the court would rule against him. The ruling was right and defendant should have anticipated the correct ruling. If defendant wanted, in evidence, that which, on the record, he was trying to keep out, he should have put it in evidence as a part of his case. He did not. He cannot be heard to complain of such a ruling nor can he claim surprise therefrom.

The delinquent tax list makes a prima facie case for the state. Section 2108, G. S. 1913. County of Rock v. McDowell, 157 Minn. 296, 196 N. W. 178.

Defendant claims that, since the state did not rest on its prima facie case but went forward and introduced the resurvey record, it assumed the burden of direct proof and thereby destroyed its prima facie case and that when the direct proof failed by its elimination the plaintiff failed in its proof. We do not know of any authority holding that a rejected offer of proof can be penalized with such drastic consequences. The record now shows the delinquent tax list wholly unimpeached. It does not in any way disclose that any part of this tax depends upon a resurvey under section 786 to

796, G. S. 1913. The burden was on defendant to prove the facts so as to disclose the application and operation of the statute which defendant claimed was unconstitutional or that the assessment was invalid. He failed to do this. Upon the record before this court the statute mentioned is not in any way involved, and hence we cannot pass upon its constitutionality.

Affirmed.