# IN RE ENFORCEMENT OF REAL ESTATE TAXES, COTTONWOOD COUNTY.
## STATE v. ROBERT H. HOLMES.[1]

February 27, 1925.

No. 24,438.

**When judicial ditch is inadequate, drainage law provides exclusive method of litigating amount of benefits.**

A judicial ditch was constructed. Proceedings were regular. The main tile was inadequate to carry off the water from plaintiff's land. This was due to a mistake of judgment on the part of the engineer. Benefits were assessed and confirmed, upon the basis and belief and presumption that the ditch would be effective. It was not. *Held*: (1) The drainage law provides the exclusive method of litigating the amount of benefits; and (2) under such circumstances the landowner cannot have relief on the ground of a failure of consideration.

*Headnote. See Drains, 19 C. J. p. 738, § 250 (1926 Anno); p. 745, § 261.

In proceedings to enforce payment of taxes on real estate in the year 1921, defendant answered praying that, if said tax should not be entirely abated, it be substantially reduced. The matter was heard by Nelson, J., who ordered judgment in favor of plaintiff. From the judgment, defendant appealed. Affirmed.

*Farmer & Tighe*, for appellant.

*O. J. Finstad*, for respondent.

WILSON, C. J.

This is a proceeding to enforce the payment of real etsate taxes including $627.16 as principal and interest on a judicial ditch assessment. Upon filing the delinquent tax list, appellant answered alleging the benefits to his 160-acre farm were assessed at $6,900 and asking that the assessment be declared void or reduced. The court found the assessment made August 13, 1915, to be $5,533.80 and that appellant made his payments for 5 years; that in the years 1918

[1]Reported in 202 N. W. 440.

and 1919 the water on this land, during the crop and growing seasons, stood upon substantially the same land as was covered in the years previous to the construction of the ditch; that, when the ditch was ordered, the entire farm was of the value of $70 per acre; that in 1920 appellant first discovered that the ditch did not drain the farm and that, because of the converging of a large number of branches, laterals and ditches into the main tile on this land, it cast thereon such a large volume of water that it rendered the main tile inadequate to carry off the water; that this assessment was made by the viewers and confirmed by the court, upon the basis and presumption that this land would be drained and rendered suitable for agricultural purposes. The court sustained the assessment and this appeal is from the judgment.

Obviously the drainage project did not do what the engineer intended that it should do. All parties anticipated more satisfactory results to this land. The sufficiency of the drain is an engineering question. The judgment of the engineer must be formed by reason of his professional training. He must reach his conclusions from things other than tests by actual results. Appellant did not discover the defects in the system until too late to urge them in the ditch proceeding. He alone is responsible for this failure. The fact that the question for him to determine was difficult does not change the rule. He had his opportunity to be heard. He had access to the engineer's survey and report which was the basis of the assessment. The viewers always assume that the drain will do that for which it is to be constructed. The landowner could have challenged the sufficiency of the drain as designed by the engineer, but appellant too was misled by the judgment of the engineer. He should have litigated its utility in the ditch proceeding. Jacobson v. County of Lac qui Parle, 119 Minn. 14, 137 N. W. 419. If not satisfied by the order of the court in fixing the benefits, he could have demanded a jury trial. The jury trial is the only way to review the order determining the benefits. Huseby v. Schacherer, 160 Minn. 387, 200 N. W. 471. This is the exclusive remedy. The court cannot, after the expiration of the time to demand a jury trial, reduce the amount of benefits. The drainage law provides ample

opportunity for the landowner to litigate the question of benefits. It affords him his day in court. He must pursue the remedy provided in the drainage law. Jacobson v. County of Lac qui Parle, supra; Huseby v. Schacherer, supra; County of Rock v. McDowell, 157 Minn. 296, 196 N. W. 178; 9 A. L. R. annotation 662. The fact that appellant relied upon the engineer's report is unfortunate, but he was not compelled to do so. The county does not guarantee anything to the property owner in a drainage project. It merely loans its credit and help, and sometimes suffers loss by reason thereof. Gove v. County of Murray, 161 Minn. 66, 200 N. W. 833. The property owner also takes some chance and he must make his own decision as to whether or not he will submit to the order of the court, in a judicial ditch, fixing his benefits. His failure, in this, to avail himself of the remedy given by law must rest at his own door. State v. Koochiching Realty Co. 146 Minn. 87, 177 N. W. 940, is not in point. Appellant is not in a position to now question the amount of his assessment. The law afforded him an opportunity to do that, which is now past.

Appellant claims failure of consideration relieves him from payment within the theory of Valentine v. City of St. Paul, 34 Minn. 446, 26 N. W. 457; Strickland v. City of Stillwater, 63 Minn. 43, 65 N. W. 131, and McConville v. City of St. Paul, 75 Minn. 383, 77 N. W. 993, 43 L. R. A. 584, 77 Am. St. 508. But this claim is without merit. The county paid for the ditch. It is only asking for its money back. Appellant got what he is required to pay for. He is now dissatisfied with its benefits, the amount of which he could have litigated, as above indicated, but did not. The project was completed, though ineffectual. It would be remarkable if every person assessed for a public improvement could escape liability, by showing that the improvement which the public officials paid for in good faith, was of little value or even worthless. When money is taken under a special assessment and the improvement not made and the money is kept, there is a failure of consideration. But that is not this case. Whatever remedy appellant may have, there is no relief upon the ground of a failure of consideration. Rogers v. City of St. Paul, 79 Minn. 5, 81 N. W. 539, 47 L. R. A. 537.

Affirmed.