SWIFT COUNTY BANK v. COUNTY OF TRAVERSE.[1]

March 13, 1925.

No. 24,112.

County primarily liable for services of engineer in ditch proceeding.

By section 5571, G. S. 1913, the primary obligation to finance a ditch proceeding is cast upon the county, including the obligation to pay for the services of the engineer.

*Headnote. See Drains, 19 C. J. p. 677, § 146.

Action transferred to the district court for Traverse county. The case was tried before Flaherty, J., who ordered judgment in favor of plaintiff. Defendant appealed from the judgment. Affirmed.

W. B. Mitton, for appellant.

Hudson & Hudson, for respondent.

[1]Reported in 202 N. W. 827.

QUINN, J.

Action to recover upon certain county warrants, issued by the county auditor of Traverse county. The cause was tried before S. A. Flaherty, district judge. Findings were made and judgment ordered in favor of plaintiff. From a judgment entered upon such order, this appeal was taken.

This cause was tried and submitted to the court upon the pleadings and stipulations of the parties. There is no settled case. The return is made up of the pleadings, stipulations, findings, judgment and notice of appeal. The assignment of error is that "the decision was not justified by the evidence and is contrary to law."

From the stipulations of the parties herein and the findings of the trial court, it appears that, in November, 1915, there was a petition, duly signed and filed in the district court of Traverse county, asking for the establishment and construction of a public drainage system, to be known as Judicial Ditch No. 8 of Traverse and Big Stone counties, together with a good and sufficient bond conditioned upon the payment of the costs and expenses of preliminary work in case said ditch was not constructed. Thereafter such proceedings were had that the judge of the district court, on January 26, 1916, duly made and filed an order directing that a survey of such proposed drainage system be made, to assist in determining the feasibility of the project, and appointed S. B. Gardner, a competent civil engineer to make a survey and report of such drainage system. Accordingly, Gardner entered upon such work and caused a survey and report to be made, pursuant to such order, and, in so doing, employed divers persons to assist him therein. Bills for such work were presented to the court for allowance, as the work progressed, and were duly allowed and ordered paid. Thereafter county warrants were issued by the county auditor in payment therefor, totaling in number 21 and aggregating in amount $713.82. Subsequently the plaintiff purchased said warrants and presented them for payment, which was refused by the county treasurer upon the ground that there were no funds in the treasury provided for that purpose.

At the time the warrants were issued, as well as when presented for payment, there was not sufficient money in the fund upon which

they were drawn to meet them and the bonds, filed in connection with the petition, were of insufficient amount to protect the county from loss incurred in such drainage proceeding, if it should pay such warrants, and the system was not established.

By section 5571, G. S. 1913, the primary liability for services of an engineer, in a public drainage proceeding, regardless of the sufficiency of the bond filed with the petition, is cast upon the county. Gove v. County of Murray, 161 Minn. 66, 200 N. W. 833. This is true whether the ditch proceeding has been dismissed or not. Chapter 471, § 11, L. 1919; Gove v. County of Murray, supra. In State v. Hansen, 140 Minn. 28, 167 N. W. 114, it was held that the duty of financing a drainage project was constitutionally imposed upon the county, and that, if loss resulted, it was a loss incidental to the position of the county as an agency of the state. We find no reason for interfering with the judgment appealed from. The fact that the ditch extended into more than one county is unimportant.

Affirmed.

STONE, J., took no part.