## EDWARD A. SCHULTZ AND OTHERS v. CITY OF NORTH MANKATO AND OTHERS.[1]

December 14, 1928.

No. 27,022.

*C. O. Dailey,* for appellants.
*Josiah A. Baker* and *Henry N. Benson,* for respondents.

HOLT, J.

Plaintiffs appeal from the judgment rendered on the pleadings in favor of defendants.

The action is to enjoin the city of North Mankato and its officers from trespassing on the 30 feet of plaintiffs' lands abutting a certain street in the city and to recover damages therefor, and also to enjoin

[1]Reported in 222 N. W. 518.

assessments alleged to have been made upon plaintiffs' lands abutting said street. Plaintiffs' counsel at the hearing of the motion evidently admitted, and does here in his brief admit, that the allegations contained in the first ten paragraphs of the complaint attempt to raise issues which are now moot, in that the land upon which the charged trespass occurred has been lawfully taken by the city for widening the street. There remains only the 11th paragraph of the complaint upon which to base a cause of action. This paragraph in substance alleges that, without notice, the defendants pretended to make a special assessment in the sum of $840.32 against the premises owned by plaintiffs abutting said street for the pretended purpose of paying for trenches and laying pipes upon the said 30 feet and wrongfully, on November 5, 1925, caused such special assessment to be certified to the county auditor, and it was extended against said premises of plaintiffs and is now a lien thereon which will be wrongfully and unlawfully collected from plaintiffs unless defendants are restrained and enjoined from so doing.

It is perfectly plain that plaintiffs are not entitled to the equitable remedy of injunction for two obvious reasons. First, an injunction against these defendants would now be barren of any relief to plaintiffs. The assessments have passed beyond the control of defendants, and their enforcement and collection now are wholly in the hands of the county officials, not parties to the action. Second, even if plaintiffs for lack of jurisdictional notice failed to avail themselves of the means given them for protection in the assessment proceedings while in the hands of defendants, they still have an adequate and complete remedy in law by asserting such defense in the proceeding to enforce payment of delinquent taxes and assessments in the district court. The proposition is so well established in this state that we need cite but a few of the later cases which sufficiently refer to prior decisions. State ex rel. Brown v. City of Red Wing, 134 Minn. 204, 158 N. W. 977; Wall v. Borgen, 152 Minn. 106, 188 N. W. 159; County of Rock v. McDowell, 157 Minn. 296, 196 N. W. 178.

The judgment must be affirmed.