## ED SLUKA AND ANOTHER v. WILLIAM O. JOHNSON AND OTHERS.[1]

June 14, 1929.

No. 27,423.

*Daly & Barnard,* for appellants.

*Charles A. Swenson,* County Attorney, for respondents.

[1]Reported in 225 N. W. 909.

STONE, J.

In this action to vacate an assessment of benefits imposed on plaintiffs' land in proceedings for the repair of a county ditch and to restrain the collection of the resulting tax, plaintiffs appeal from an adverse judgment.

The case involves county ditch No. 8 of Kandiyohi county. The findings establish the legality of the proceedings for its establishment and that the land of plaintiffs was assessed for benefits and the assessment paid. There is a like finding concerning the subsequent proceeding for the repair and improvement of the ditch, to the effect that the county board determined that the benefits to result from the "proposed improvement" were more than the total cost thereof, including damages; that the work was and is of public utility and benefit and will promote the public health; that the "repair proceedings in all manner comply with the statute in such case made and provided;" that the lands of plaintiffs were "in due form, assessed benefits on account of said improvements;" and that the owners "took no appeal from the order." The lien statement, spreading the assessment for the improvement, was made and filed November 19, 1921, the assessment being spread in 15 annual instalments beginning at the end of five years. During that period interest only was payable. Plaintiffs paid the resulting tax to and including the year 1926. There follows a finding that plaintiffs' lands "were not directly benefited by the deepening, widening and repairing of said ditch and the ditch does not, in any way directly benefit the lands nor enhance their value."

In consequence of that finding, it was concluded in the decision below that "said assessments constitute an appropriation of private property for public use without compensation, and consequently, they are confiscatory and contrary to the constitution which provides that property shall not be taken, destroyed or damaged for public use, without just compensation first paid or secured. But," the decision continues, "inasmuch as it also conclusively appears: that the ditch improvement proceedings, taken and had, were regular, that the requisite notice of all proceedings was duly given

and served as by law required, that plaintiffs \* \* \* stood silently by and failed to object or question any of the proceedings and that they neglected to appeal from the action of the county board, a right to appeal being given them by law, therefore, under the applicable rule of law prevailing in this state, as \* \* \* laid down by the Supreme Court, \* \* \* the plaintiffs are without remedy and cannot now be successfully heard to complain of the confiscatory assessments because, having had an opportunity to be heard, but having neglected to seasonably avail themselves thereof they have lost the right to contest the assessments, and by their failure to appeal, they are estopped from now questioning the legality thereof."

■ The case is controlled by State v. Holmes, 162 Minn. 173, 202 N. W. 440, wherein it was held that the drainage laws of this state provide the exclusive method of litigating the amount of benefits and that the owner of assessed land who has not tendered that issue in the proceeding for the establishment of the ditch cannot thereafter have relief on the ground of failure of consideration.

■ The opinion might well stop here. But in view of the earnest argument for plaintiffs that their government, that of the state, is dealing with them unjustly and violating the mandate of its own constitution, that property shall not be taken for public use without compensation first made or provided for, it seems appropriate to add the following. The argument so advanced is put upon the law of eminent domain, whereas the proceedings now involved, those for the establishment, repair and improvement of a public ditch, proceed as to the collection of the cost of the improvement under the power of taxation, which should not be confused with that of eminent domain. "Each is governed by its own principles." Houck v. Little River Drainage Dist. 239 U. S. 254, 264, 36 S. Ct. 58, 60 L. ed. 266. Plaintiffs are really invoking the principles of due process of law rather than those conditioning the power of eminent domain, and "it is due process of law in the exercise of the power of taxation when one full opportunity to be heard is given." Williams v. City of St. Paul, 123 Minn. 1, 12, 142 N. W. 886. Plaintiffs

had abundant opportunity to be heard as to its utility and the benefit to their land of the proposed drain in the proceeding for its establishment. They had similar and equal opportunity to object (G. S. 1923, §§ 6717-6722) to the proposed repair and improvement and to litigate the resulting benefit, if any, to their property. Such an opportunity to be heard on the merits, to deny benefits or question their amount, is a sufficient compliance with the requirements of due process. State v. M. & O. Power Co. 121 Minn. 421, 141 N. W. 839; State v. Weyerhauser, 68 Minn. 353, 71 N. W. 265. That explains how it can be held that an objection to a sewer assessment upon the ground that the owner of the property has no access to the sewer comes too late when raised for the first time in an application for judgment of sale (Vandersyde v. People, 195 Ill. 200, 62 N. E. 806) and that an objection to an assessment for a drain because it did not benefit the property in question comes too late when raised for the first time after the expense of constructing the drain has been incurred (Township of Walker v. Thomas, 123 Mich. 290, 82 N. W. 48; Wilson v. Woolman, 133 Mich. 350, 94 N. W. 1076; State v. Holmes, 162 Minn. 173, 202 N. W. 440).

"It is settled that, if provision is made 'for notice to and hearing of each proprietor, at some stage of the proceedings, upon the question what proportion of the tax shall be assessed upon his land, there is no taking of his property without due process of law.'" Paulsen v. City of Portland, 149 U. S. 30, 41, 13 S. Ct. 750, 37 L. ed. 637.

Judgment affirmed.

DIBELL, J. took no part.