ANDREW O. LARSON AND OTHERS v. FREEBORN
COUNTY AND OTHERS.

126 N. W. (2d) 771.

March 6, 1964—No. 38,920.

---

*James H. Manahan* and *Gallagher, Farrish & Zimmerman,* for appellants.

*Robert C. Tuveson,* for respondents.

OTIS, JUSTICE.

This is a class action to enjoin the collection of $1,400.07 assessed by Freeborn County to meet the expense of relocating a county ditch.

Plaintiffs represent about half of the affected property owners. They appeal from the district court's findings, conclusions, and judgment, which denied injunctive relief and determined that the work done constituted a repair rather than an improvement.

It is the contention of plaintiffs that in the summer and fall of 1960 one or more members of the county board authorized the relocation of a section of County Ditch No. 5 which was eroding a town road; that the board failed to proceed under Minn. St. 106.501, which requires the approval of at least 26 percent of the property owners affected; and that the actions of the board were illegal and unauthorized and subject to collateral attack in a court of equity. Respondents, on the other hand, assert that the project was not an improvement but a repair and restoration; that the procedure followed was therefore valid under § 106.471; and that in any case plaintiffs had an adequate remedy at law by way of review under Minn. St. c. 278 which they failed to pursue.[1]

The narrow issue before us is whether or not the assessments may be challenged in an equitable action. Appellants rely for reversal

---

[1] Minn. St. 278.01 provides: "Any person having any estate, right, title, or interest in or lien upon any parcel of land, who claims that * * * the tax levied against the same is illegal, in whole or in part, * * * may have the validity of his claim * * * determined by the district court of the county in which the tax is levied * * *."

See, also, §§ 106.631, 429.036, and 429.081.

on Fairley v. City of Duluth, 150 Minn. 374, 185 N. W. 390, 32 A. L. R. 1258; Johnson v. County of Steele, 240 Minn. 154, 60 N. W. (2d) 32; and Janssen v. County of Chippewa, 256 Minn. 182, 98 N. W. (2d) 239.

The Fairley action sought to test the validity of a Duluth wheelage tax by enjoining its enforcement. This court affirmed an order overruling a demurrer to the complaint and stated that the alternative remedies were impractical because the taxpayer was obliged either to submit to arrest for failing to comply with the ordinance or to pursue an uneconomic action, the cost of which was out of proportion to the amount involved. Under such circumstances, there being a large number of residents affected, injunctive relief was granted. However, the questions of expediency prompting that decision are not here present.

While the Johnson case contains broad language authorizing a collateral attack without requiring statutory procedures to be followed, the particular relief sought was not an injunction but damages for common-law trespass and nuisance.

The Janssen case was an action to enjoin the county brought *prior* to construction. Although we made no mention of Rosso v. Village of Brooklyn Center, 214 Minn. 364, 8 N. W. (2d) 219, and Land O'Lakes Dairy Co. v. Village of Sebeka, 225 Minn. 540, 31 N. W. (2d) 660, certiorari denied, 334 U. S. 844, 68 S. Ct. 1513, 92 L. ed. 1768, but relied on the Johnson case in allowing a collateral attack where the statutory review prescribed by § 106.631 was not invoked, our disposition resulted in actually denying the injunction.

We hold that our decision in the instant case is governed by Rosso. That was a taxpayer's suit to enjoin a village from enforcing the payment of assessments for drainage improvements. We squarely held that where simple and direct remedies under what is now Minn. St. 429.036 and c. 278 are available to taxpayers, a demurrer to the complaint should be sustained and equitable relief denied. The Rosso decision was cited and approved in Land O'Lakes and more recently in Village of Edina v. Joseph, 264 Minn. 84, 100, 119 N. W. (2d) 809, 819, where we stated:

"The authorities generally indicate that relief against erroneous or

illegal assessments will not be granted by a court of equity, if the property owner has an adequate remedy at law. If the statute or charter provides a remedy by appeal or otherwise, such remedy is generally exclusive and will preclude any resort to equity. The appeal provisions under §§ 429.036 and 429.081 furnish adequate remedies at law."

Other Minnesota cases have reached the same result. Lindbergh v. County of Morrison, 116 Minn. 504, 507, 134 N. W. 126; Webb v. Lucas, 125 Minn. 403, 147 N. W. 273; Bomsta v. Nelson, 137 Minn. 165, 166, 163 N. W. 135; State v. Holmes, 162 Minn. 173, 202 N. W. 440; Sluka v. Johnson, 177 Minn. 598, 225 N. W. 909. While only in the Webb case was equitable jurisdiction invoked, the principle that statutory remedies must be exhausted has been clearly spelled out in all of these decisions and specifically in the Land O' Lakes case we stated (225 Minn. 548, 31 N. W. [2d] 665):

"In order that there shall be no future confusion on this particular point of the law, we hold that in enacting M. S. A. c. 278 it was the intention of the legislature to provide an adequate, speedy, and simple remedy for any taxpayer to have the validity of his claim, defense, or objections determined by the district court in matters where the taxpayer claims that his real estate has been partially, unfairly, or unequally assessed, or that it has been assessed at a value greater than its real or actual value, or that the tax levied against the property is illegal in whole or in part, or has been paid, or that the property is exempt from the tax so levied."

Although our prior opinions do not necessarily reach inconsistent conclusions, candor requires us to concede that the language employed in them is difficult to reconcile. Be that as it may, we now hold that *after* construction is completed an equitable action to enjoin the collection of assessments levied in ditch proceedings will not lie where statutory procedures for review such as those provided by Minn. St. 106.631, 429.036, 429.081, and c. 278 are available. There may be instances, however, when property owners with notice have a duty to act promptly *before* work is commenced, even where the statute

provides no review at that stage of the proceedings. Under such circumstances it may be essential that a declaratory judgment action or suit in equity be instituted to prevent the doctrine of estoppel from applying.

In the case at hand, however, after the work was completed and with notice of the assessment, these plaintiffs elected to permit the period of appeal to lapse and did not begin an action for injunction until a year later. They have not been denied an adequate remedy at law but have simply neglected to invoke available remedies in a timely manner. The trial court therefore correctly refused to grant injunctive relief.

Affirmed.

Mr. Justice Sheran took no part in the consideration or decision of this case.