## STATE v. FRIDLEY RECREATION & SERVICE COMPANY AND ANOTHER.

179 N. W. (2d) 172.

August 14, 1970—No. 41991.

*Sigal, Savelkoul, Cohen, Sween & Salazar* and *Donald C. Savelkoul,* for appellants.

*Douglas M. Head,* Attorney General, *Robert W. Johnson,* County Attorney, and *Robert M. A. Johnson,* Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Nelson, Otis, Rogosheske, and James F. Murphy, JJ.

ROGOSHESKE, JUSTICE.

Appeal from a judgment of the district court adopting the tax assessment made by the Anoka county assessor on defendants' personal property.

In separate answers to citations for delinquent personal property taxes, defendants alleged that for the years 1961 to 1967, the county assessor had assessed their property, consisting of bowling equipment owned and leased by defendants, at a value in excess of its market value. After trial to the court and upon findings of fact and conclusions of law, the court determined the market value placed on the property by the assessor to be the true market value on the dates of the respective assessments and accordingly ordered judgment against defendants for $40,551.94, representing the total delinquent personal property taxes, including penalty, for the years 1961 to 1967. Defendants appeal from this judgment.[1]

The determinative issue on this appeal is whether the evidence sustains the findings of the trial court. We hold that it does.

---

[1] Due to an admitted oversight of counsel for respondent, the court ordered judgment for taxes due for the years 1961 to 1967 when the taxes due for the years 1961 and 1967 were not properly before the court. The record makes clear, however, that the court, pursuant to motion, amended the original judgment and deleted the findings relating to the years 1961 and 1967, thereby reducing the judgment to $30,759.97.

Minn. St. 1965, § 273.11, applicable at the times of assessment, directed that "all property shall be assessed at its true and full value in money." Minn. St. 1965, § 272.03, subd. 8, defined "full and true value" as "the usual selling price at the place where the property to which the term is applied shall be at the time of assessment; being the price which could be obtained at private sale and not at forced or auction sale." The words "true and full value" and the words "full and true value" are used interchangeably and with synonymous meaning in our tax statutes. State v. Wagner, 233 Minn. 241, 243, 46 N. W. (2d) 676, 679. As the legislature recognized in amending § 273.11 in 1967 (Ex. Sess. L. 1967, c. 32, art. VII, § 3) by substituting the words "market value" for "true and full value in money," the latter has always been taken to mean the price for which property would sell upon the market at private sale.

Since no statute sets forth the factors to be considered by the assessor in arriving at market value, it has been held that any relevant factors may properly be considered in determining the price which could be obtained at a private sale. See, Lehman v. Hansord Pontiac Co. Inc. 246 Minn. 1, 74 N. W. (2d) 305. The evidence discloses that the factors used by the assessor in determining market value of the bowling equipment were sale prices for similar property, rental payments, depreciation, economic obsolescence, and State Tax Department guideline valuation schedules which were based upon discussions with bowling alley associations, local assessors, bowling alley suppliers, and contracts for the sale of bowling equipment. Manifestly, all of these factors must be regarded as appropriate for consideration in a determination of market value.

In adopting the market value placed upon the property by the assessor, the trial court correctly recognized that Minn. St. 1965, § 277.02, places on the taxpayer the burden of proving that the valuation upon which the property was assessed for taxes was in excess of its market value. State v. Oliver Iron Min. Co. 198 Minn. 385, 270 N. W. 609; State v. Meck, 161 Minn. 334, 201

N. W. 536; State v. Minnesota & Ontario Paper Co. 147 Minn. 369, 180 N. W. 548. The court explained in the memorandum attached to the findings:

"* * * [T]he taxpayer failed to sustain its burden of proof. * * * The evidence is not sufficient for the Court to find that the taxpayer was entitled to an additional allowance for economic obsolescence or that the depreciation allowed by the County was not realistic and proper."

Without detailing the evidence, it is clear that the factors considered by the assessor in arriving at market value were relevant and proper and that there is sufficient evidence to sustain the trial court's findings. Indeed, since the taxpayers submitted only vague, indirect, and inconclusive evidence of the market value of the bowling equipment at the times of assessment, the evidence being directed mainly at challenging the methods used by the assessor in arriving at market value and demonstrating economic conditions in the bowling industry, the court quite understandably relied upon the assessor's determinations. Where, as here, the evidence discloses no gross disparity of assessment and the taxpayer has failed to carry the burden of proving that the assessments were in fact excessive, the trial court was fully justified in adopting the determinations of the assessor.

Affirmed.

MR. JUSTICE KELLY, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.